U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
APR 0 5 2011
CHRIS R. JOHNSON, Clerk
By
      Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**DAVID STEBBINS**      PLAINTIFF

vs.

**HARP & ASSOCIATES REAL ESTATE SERVICES**      DEFENDANTS

## BRIEF IN SUPPORT OF MOTION

Comes now Plaintiff David Stebbins, who hereby submits the following brief in support of my motion for declaratory judgment.

1. Harp & Associates Real Estate Services ("Harp") is the agent of the owner of the apartment in which I currently reside. I currently have a lease agreement with them, allowing me to live at the apartment specified in my signature. See Exhibit A.

2. At first, you may think that the lease agreement has long since expired. However, the agreement explicitly states that it will continue on an at-will basis, unless amended.

3. On the date of March 12, 2011, I sent Harp an email at info@harpandassociates.com, offering them a modification to the current lease agreement. See Exhibit B.

4. As you can see from Exhibit B, this modification includes, among other things, the following

    A) We agree to settle all legal disputes that arise between us, even those not related to the lease agreement, to binding arbitration, using either www.net-arb.com, the American Arbitration Association, or the National Arbitration Forum.

    B) If I send Harp an invitation to arbitrate a dispute, and they do not accept it within 24 hours of receiving it, I automatically win, regardless of the merits of the case.

        i. I should point out that this court may consider the validity of the forfeit victory clause. If there is a dispute as to the validity of the forfeit victory clause, that must be decided by the arbitrator, not the court. See *Buckeye Check Cashing Inc. v. Cardegna* 546 U.S. 440 (2006).

      ii. To justify this, allow me to pose the following hypothetical scenario: Suppose you had a contract before you. The contract stated that all legal disputes must be held in a court of competent jurisdiction in Springfield, MO, and, also, it limited the parties' rights in the event of a default judgment. Would you be authorized to consider the validity of the default judgment clause? No, you wouldn't. The same should apply to the forfeit victory clause, in this case.

  C) The modification is accepted if they accept my rent check for the month of April, 2011, in the amount of $200, as opposed to the original $192. To reject the contract, they had to reject the higher-than-average rent check and demand the proper amount in rent for that month. For reasons that will explained later, this is a valid acceptance method.

5. As you can see from Exhibit B, I did not provide any attached files, or give a link to any webpages. Instead, I simply included it in the *body* of the email. There is no excuse for them not seeing it. Therefore, I firmly assert that the element of offer is established.

6. The contract is clear, unambiguous, and conspicuous. Therefore, provided that the acceptance method is legally valid (which I will get into in a minute), meeting of the minds is established, and a lack of understanding of the significance of the higher-than-average rent check should not be well-taken. See *National Fire Insurance Company v. Guardtronic, Inc.*, Arkansas Court of Appeals, Case No. CA 00-1464.

7. The Defendants accepted the contract on April 1, 2011 when Stephanie Sanders, the property manager at Harp, received my $200 rent check, and even gave me a handwritten receipt to use as proof that she received it. See Exhibit C.

8. While I have no records to prove this, I can at least testify that, when Ms. Sanders received this rent check, she demonstrated no surprise, not even for a split second, at how much extra the rent check was written out for. It was as if she *already knew what was going to happen*!

9. At 2:01PM on Friday, April 2, 2011 (a few hours after Harp accepted the modification), I sent

Harp an invitation for arbitration. See Exhibit D.

10. This arbitration called for injunctive relief, demanding that the defendants cease their current eviction action and renew my Section 8 Federal Housing Benefits after they are poised to expire. See Exhibit E.

11. Per the forfeit victory clause, the Defendants were required to return the signed submission to arbitration form to me by 2:01PM on April 2, 2011.

12. The Defendants have failed to do so. Therefore, provided that my legal arguments made below are sound, I am entitled to have this award confirmed.

13. Since we are modifying a lease agreement, no consideration is needed. See A.C.A. § 4-2A-208(1), also known as Sec. 2A-208 of the Uniform Commercial Code ("An agreement modifying a lease contract needs no consideration to be binding.")

14. However, consideration on my part was still provided. Specifically, I provided an additional eight dollars more than they would have otherwise been entitled to.

15. The modification contains subject matter because it involves an arbitration agreement. Arbitration agreements can stand alone as their own contract. See 9 U.S.C. § 2. ("A written agreement to arbitrate... shall be valid, irrevocable, and enforceable.") I don't know about you, but when I think "written agreement" and "valid, irrevocable, and enforceable," in the same breath, I think "contract." This section was clearly designed to give arbitration agreements stand-alone contract status.

16. Mutuality of obligation is not required for arbitration agreements disputed in federal court. See *Enderlin v. XM Satellite Radio Holdings, Inc.*, 483 F. 3d 559 - Court of Appeals, 8th Circuit 2007.

17. Therefore, all that is left, in order to establish a valid contract, is to establish that the acceptance method is valid, as a matter of law. I can cite a plethora of legal authorities to back up my argument that it is, indeed, legally valid.

18. First, I cite the Restatement of Contracts, Sec. 30, Comment a, which states that I, as the offeror, am the mater of my offer, and am entitled to insist on a particular method of acceptance.

19. Furthermore, I cite the § 2A-204(1) of the Uniform Commercial Code, which does say that an acceptance method must be reasonable under the circumstances, but makes an explicit exception for when the language unambiguously gives an alternative acceptance method.

20. Even without the unambiguously-stated alternative acceptance method, the modification is still reasonable under the circumstances. It is essentially, the inverse of Harp leaving a message taped to my door, saying that the terms of the lease agreement were being modified, and I would signify my acceptance to these modifications by continuing to reside there. Likewise, Harp could theoretically signify their acceptance simply by not evicting me as a direct result of this offer, let alone accepting a higher-than-average rent for the month of April, 2011.

21. Therefore, I believe that I have conclusively established that an agreement to arbitrate exists. I will now take this opportunity to quell any potential affirmative defenses they may have.

22. The modification is not unconscionable, because Harp has more bargaining power than I do. See *Jordan v. Diamond Equipment & Supply Co.*, Supreme Court of Arkansas, Case No. 04-1113.

23. Because it is not unconscionable, there is no unilateral mistake. See *T-1 Construction, Inc. v. Tannenbaum Development Company, LLC*, Arkansas Court of Appeals, Case No. CA08-889.

24. I gave no false representations. I laid everything out in black and white; it was their fault for not reading it. Therefore, there is neither fraud, nor misrepresentation. See *Woodend v. Southland Racing Corporation*, Supreme Court of Arkansas, Case No. 99-063.

25. Therefore, I believe that I have established that this modification to our lease agreement is valid and binding. As I have already established, the Defendants have failed to accept the arbitration invitation that I sent them, within the allotted time. Therefore, per the forfeit victory clause, I am entitled to have this arbitration award confirmed.

Wherefore, I respectfully pray that you confirm the arbitration award for the injunctive relief that I requested, award costs incurred, and other relief that the court finds appropriate.

It is so humbly requested on this 3rd day of April, 2011.

*David Stebbins* (signature)

David A. Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024