IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                                                    PLAINTIFF

v.                             Civil No. 11-3029

HARP & ASSOCIATES REAL
ESTATE SERVICE                                                                                    DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

David Stebbins filed this *pro se* action against his landlord, Harp & Associates Real Estate Service. Stebbins has also submitted an application to proceed *in forma pauperis* (IFP)(Doc. 3).

Under the provisions of the IFP statute, the Court is obligated to screen any complaint in which the Plaintiff seeks to proceed IFP. 28 U.S.C. § 1915(e)(2). The Court is to dismiss the case if it determines that the case is: frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a Defendant who is immune from such relief. *Id.*

### Discussion

According to the allegations of the complaint, Defendant, headquartered in Harrison, Arkansas, is his landlord. Stebbins indicates Defendant acts as agent for the land owner who resides in Fresno, California. He maintains this Court has jurisdiction because it "concerns an arbitration issue in a contract affecting interstate commerce."

On March 21, 2011, Stebbins sent an e-mail to Defendant that contained an invitation to modify his lease agreement. The modification included an arbitration clause requiring all legal disputes, even those unrelated to the lease, to be submitted to arbitration.

-1-

With regard to acceptance, the contract provided that if Stebbins sent Defendant an agreement to arbitrate and "they do not accept the invitation within 24 hours of receiving it, I automatically win the relief requested, regardless of the merits of the case." Additionally, acceptance also occurred if his rent check for April, 2011, in the amount of $200 was accepted.

Stebbins maintains the contract was entered into on April 1st, when Stephanie Sanders, the property manager, took the check from him and wrote him a receipt. Later that day, Stebbins alleges he sent Defendant an arbitration submission form. Stebbins indicates he was seeking an end to the current eviction action and a renewal of his Section 8 Federal Housing Benefits. Defendant did not respond to the e-mail. Stebbins therefore maintains that pursuant to the "forfeit victory clause" he "wins."

Stebbins has alleged the Court has jurisdiction by virtue of the existence of diversity of citizenship. Diversity jurisdiction turns on two issues, is there complete diversity of citizenship between the parties, and does the amount in controversy exceed $75,000." *Northport Health Services of Arkansas, LLC v. Rutherford*, 605 F.3d 483, 486 (8th Cir. 2010).

Stebbins resides in Harrison, Arkansas, and indicates Defendant is headquartered in Harrison, Arkansas. Diversity of citizenship does not exist.

Even assuming there is complete diversity of citizenship, the amount in controversy is lacking. Stebbins indicates the rent on his property is $375 per month but that he was only required to pay $192 per month because of federal housing benefits. The amount of the check he tendered to Defendant was for $200. Clearly, the amount in controversy does not exceed $75,000.

Additionally, the Federal Arbitration Act (FAA) does not itself bestow federal jurisdiction; Instead, there must be an independent jurisdictional base. *Hall St. Assocs, LLC v. Mattel, Inc.*, 552 U.S. 576 (2008). No other basis of federal court jurisdiction exists.

**Conclusion**

For the reasons stated, I recommend that the motion to proceed IFP (Doc. 3) be denied and the case dismissed.

**Stebbins has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 15th day of April 2011.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)