U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
APR 26 2011
CHRIS R. JOHNSON, CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID A. STEBBINS                                                               PLAINTIFF

vs.                                    Civ. No. 11-3029

HARP & ASSOCIATES REAL ESTATE SERVICES                      DEFENDANTS

## OBJECTION TO REPORT AND RECOMMENDATION

Comes now David A. Stebbins, who respectfully submits the following objection to the Report and Recommendation of the Magistrate Judge.

The Magistrate Judge's recommendation that my application for leave to proceed in forma pauperis should be denied is based on the straw man argument that I am claiming that the federal courts have diversity jurisdiction. You do not have diversity jurisdiction; your jurisdiction comes from a federal question, specifically the Federal Arbitration Act.

For the Federal Arbitration Act, rather than the Uniform Arbitration Act, to govern an arbitration agreement, the contract that contains the agreement must evidence a transaction involving commerce. The parties in the contract do not have to live in different states, and the contract does not have to center around an interstate transaction. Merely, the contract just has to *evidence* a transaction *affecting* commerce. See 9 U.S.C. § 2.

Look at discrimination. Employers must "affect" commerce in order to be bound by EEOC discrimination laws (see 42 U.S.C. § 12111(1)(A) and 42 U.S.C. § 2000e(b) ), but that standard is rather easy to meet. The employer and employee do not have to be from different states, so long as the employer, in some way, affects interstate commerce. If you get your inventory from a wholesaler in another state... if you so much as use a sheet of paper that was made from a tree that was cut down from another state, you affect "commerce" for the purposes

of federal courts having jurisdiction over you in discrimination cases, with or without diversity of citizenship, or $75,000 at stake.

The same applies in arbitration disputes. To prove it, I cite the case of *Danner v. MBNA America Bank, N.A.*, 369 Ark. 435, 255 S.W.3d 863 (2007). This case involved a claim of less than seven thousand dollars, let alone seventy-five thousand dollars, and yet, the FAA still applied. I also cite the case of *Helton v. MBNA America Bank*, Arkansas Court of Appeals, Case No. 07-759, a case that involved less than twelve thousand dollars. Furthermore, although MBNA has been acquired by Bank of America, recently, so I cannot look this up and be absolutely certain, I am confident that MBNA had offices throughout Arkansas, as they were the largest credit card company in the world, at the time. Despite this, both cases ruled that the FAA applied.

In the instant case, the lease agreement that was being modified affected interstate commerce, because the owner of the property lives in Fresno, California.

Diversity of citizenship is *not* the basis of your jurisdiction. Your jurisdiction lies in the Federal Arbitration Act. The diversity of citizenship was merely brought up to explain how the contract evidenced a transaction involving commerce.

Wherefore, I respectfully pray that you grant my motion for leave to proceed in forma pauperis, and other relief that the court finds appropriate.

It is so requested, on this 22nd day of April, 2011.

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024