```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                  HARRISON DIVISION
```

DAVID STEBBINS                                           PLAINTIFF

v.                    Case No. 3:11-CV-03029

HARP & ASSOCIATES REAL ESTATE
SERVICES                                                 DEFENDANT

## **O R D E R**

On this 3rd day of May 2011, there comes on for consideration the Report and Recommendations (Doc. 4) filed in this case on April 15, 2011, by the Honorable James R. Marschewski, United States Magistrate for the Western District of Arkansas.  Also before the Court are Plaintiff's objections (Doc. 5).

The court has reviewed this case and, being well and sufficiently advised, finds as follows: Plaintiff's objections offer neither law nor fact requiring departure from the Report and Recommendation. Plaintiff Stebbins objects to the recommendation that his Complaint be dismissed for lack of jurisdiction. Stebbins does not challenge the conclusion that the Court lacks diversity jurisdiction. Instead, Stebbins argues that this Court has federal question jurisdiction under the Federal Arbitration Act, 9 U.S.C. § 2, ("FAA"). However, as the report and recommendation correctly points out, the FAA "does not itself bestow jurisdiction; [i]nstead there must be an independent jurisdictional base." (Doc. 4 at page 2)(citing *Hall St. Assocs, LLC v. Mattel, Inc.*, 552 U.S. 576 (2008)). Under the FAA, a federal district court has jurisdiction

to order arbitration in cases in which, save for the arbitration agreement, it would otherwise have jurisdiction over the underlying dispute. 9 U.S.C. § 4.

First, Stebbins does not appear to be seeking enforcement of an arbitration clause under the FAA. Instead, his claims, though it is somewhat hard to discern their exact nature, seem to arise out of breach of contract. The fact that the contract may have included some modified agreement to arbitrate does not, in and of itself, invoke this Court's jurisdiction. Second, Stebbins has alleged no facts upon which this Court could establish jurisdiction over the underlying dispute, such that it could exercise jurisdiction over any claims brought under the FAA. Specifically, the parties are not diverse, and Stebbins has failed to allege damages sufficient to meet the threshold requirement for amount in controversy. The Court cannot and does not have federal question jurisdiction based on the FAA alone. The cases Stebbins cites in support of his argument are both Arkansas *state court* cases and, therefore, can have no relevance to this *federal* Court's consideration of whether it can properly exercise its more limited jurisdiction. If anything, those cases may show that the proper forum for such disputes is, in fact, in state court. No other basis for jurisdiction in this Court exists. Therefore, the Report and Recommendation is proper and should be and hereby is **ADOPTED IN ITS ENTIRETY**.

Accordingly, for the reasons stated herein and in the Magistrate Judge's Report and Recommendation, Plaintiff's Complaint

is **DISMISSED WITH PREJUDICE.**

Any and all pending motions are hereby **DENIED AS MOOT.**

IT IS SO ORDERED this 3rd day of May 2011.

                                              */s/ Paul K. Holmes, III*
                                              **Paul K. Holmes, III**
                                              **United States District Judge**